UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Crim. No. 13-123 (KM) |
| v. | : |
| | : |
| JOHN C. ZEREGA, | : **MEMORANDUM & ORDER** |
| | : |
| Defendant. | : |

The defendant, John C. Zerega, moves pursuant to 18 U.S.C. § 3583(e) for early termination of his term of supervised release. (DE 28) The United States opposes the motion. (DE 29)[1] For the reasons stated herein, the motion is denied.

On February 20, 2013, Mr. Zerega pled guilty to a one-count information that charged him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He entered into a binding plea agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(C). The plea agreement provides that, if the Court accepts the plea, it "*must* sentence the defendant to a period of 37 to 46 months of incarceration and a term of 10 years supervised release." (DE 22 at 3; emphasis added.) The Court did accept the Rule 11(c)(1)(C) plea and did sentence Mr. Zerega to 37 months' imprisonment, to be followed by 10 years of supervised release. (DE 25) On March 8, 2016, Mr. Zerega began his term of supervised release, which is scheduled to expire in March of 2026, approximately four years from now.

The threshold, dispositive issue is waiver. Mr. Zerega's plea agreement contains a waiver provision:

> 3. John C. Zerega knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a

---

[1] The U.S. Probation Office states that the defendant, as a sex offender, does not meet its minimal criteria for early termination, citing Guide to Judiciary Policies, Vol. 8, Ch. 3, Section 360.20(c).

motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is in accordance with the terms of this agreement. The United States Attorney for the District of New Jersey will not file any appeal, motion or writ that challenges the conviction or sentence imposed by the Court if that sentence is in accordance with the terms of this agreement, and includes a period of incarceration between 37 to 46 months. Furthermore, if the Court accepts the terms of this plea agreement, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding sentences and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding sentences.

(Plea Agreement at 8, DE 22)

The U.S. Court of Appeals for the Third Circuit construed a District of New Jersey plea agreement containing substantively similar language in *United States v. Damon*, 933 F.3d 269, 272 (3d Cir. 2019).[2] *Damon* affirmed the district court's denial of a defendant's motion, pursuant to 18 U.S.C. § 3583, to shorten his term of supervised release. After exhaustive analysis, *Damon* held that the defendant's plea agreement waived any such challenge.

To be enforceable, a waiver in a plea agreement must meet three criteria: that "(1) [] the issues [defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of

---

[2] The plea agreement waiver provision in *Damon* read as follows:

Ronald Damon knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 33.

933 F.3d at 271.

justice." *United States v. Damon*, 933 F.3d 269, 272 (3d Cir. 2019) (quoting *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)).

1. <u>Scope of agreement</u>: Mr. Zerega states no challenge to the scope of the plea agreement. The language of the waiver in Mr. Zerega's plea agreement is, if anything, more restrictive and specific than the waiver in *Damon*.[3] *Damon* forecloses the argument that "sentence," as used in the plea agreement, does not encompass the supervised release component. Likewise, *Damon* disposes of the argument that a motion for termination of supervised release is not a "challenge" to sentence. 933 F.3d at 273–75.

2. <u>Voluntariness of agreement</u>: Nor does Mr. Zerega argue that the plea, and in particular the waiver, was not entered into voluntarily. The plea was taken in the ordinary course, in full compliance with the requirements of Fed. R. Crim. P. 11, and Mr. Zerega has never argued otherwise. The plea was entered pursuant to Rule 11(c)(1)(C), which gave the defendant the right to withdraw if the court did not accept the agreed-upon sentence. The Rule 11 application for permission to plead guilty, signed by the defendant, reveals full understanding of the plea and its terms, including the waiver of the right to appeal or collaterally attack the sentence. On that form, the defendant acknowledges that, pursuant to the terms of the plea, the court will impose "a term of supervised release of at least 10 years." (DE 21 ¶¶ 38, 40)

3. <u>Miscarriage of Justice</u>. On this factor, *Damon* looked to the justice of binding the government and the defendant "to the negotiated terms of their agreement," and expressed a great wariness of permitting a defendant to

---

[3] Where *Damon* has been distinguished, the court has relied on language in plea agreements that left open the possibility of a motion to shorten supervised release. Thus an agreement "not to appeal any term of supervised release," one court found, "does not address a collateral challenge," and hence was at least ambiguous. *United States v. DeSanto*, No. 3:20-CR-00206, 2022 WL 686380, at *2 (D.N.J. Mar. 7, 2022). *See also United States v. Mabry*, 528 F. Supp. 3d 349, 354 (E.D. Pa. 2021) (E.D. Pa. plea agreement with narrower waiver language); *United States v. Fluellen*, No. CR 09-497-1, 2022 WL 309159, at *5 (E.D. Pa. Feb. 2, 2022) (E.D. Pa. plea agreement with narrower waiver language). No such differing or ambiguous language is present here.

exhaust the benefits of a plea agreement and then seek to dispense with the burdens:

> Damon knowingly and voluntarily entered into a plea agreement with the government that provided him with certain undeniable benefits, most notably the Government's motion for a downward departure from the Sentencing Guidelines. Damon was sentenced to 144 months imprisonment, far lower than the 262 to 327 months of imprisonment he faced under the Guidelines. In return, the Government bargained for and received a guilty plea and waiver of "the right to file any appeal, any collateral attack, or any other writ or motion ... which challenges the sentence imposed by the sentencing court." (App. at 26.) We find no issue that presents a miscarriage of justice. As we have cautioned, a contrary conclusion "would permit an end run around the waiver." *Wilson*, 707 F.3d at 415, n.2 (distinguishing between a defendant's ability to appeal a later-imposed sentence modification sought by the government from an appeal brought by the defendant to modify the terms of supervised release imposed as part of the original sentence).

933 F.3d at 275 (citing *United States v. Wilson*, 707 F.3d 412, 415 n.2 (3d Cir. 2013)).

Mr. Zerega agreed to and received the benefit of a relatively lenient sentence. In doing so, he accepted that his behavior merited a long period of supervision. The government, in opposing early termination of supervision, is doing no more than holding him to the bargain he made.

The period of supervision is not outside the mainstream. By statute, sex offenders like Mr. Zerega must be sentenced to a minimum term of 5 years' supervised release and can receive supervised release for life. *See* 18 U.S.C. § 3583(k). The relevant Sentencing Guideline policy statement recommends that sex offenders receive lifetime supervision. *See* U.S.S.G. §5D1.2, Application Note 1 (defining "sex offense" to include offenses under chapter 110 of Title 18, which includes violations of 18 U.S.C. § 2252A).

Mr. Zerega's motion does not refute or even really contest any of the above considerations. Rather, Mr. Zerega points to his great efforts to rehabilitate himself and change his behavior. These factors include stable

employment and completion of a counseling and treatment program, and Mr. Zerega suggests that his likelihood of recidivism is now low. That progress is to be applauded. It does not suggest that supervision works an injustice, but rather that it is functioning as intended. Should conditions of supervision interfere with such worthy rehabilitative goals as maintenance of employment, Mr. Zerega may request that his supervising officer modify them.

## ORDER

Accordingly, for the reasons expressed above,

IT IS this 30th day of March, 2022,

ORDERED that the defendant's motion for early termination of supervised release (DE 28), pursuant to 18 U.S.C. § 3583(e), is DENIED.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge